UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALEJANDRO FARIAS-VALDOVINOS,<br><br>Defendant. | No. 2:07-cr-0177 KJM<br><br><br>ORDER |

Defendant Jose Alejandro Farias-Valdovinos, proceeding pro se,[1] has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 79. Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

By minute order filed June 10, 2015, the government was ordered to file a response to the motion within sixty days. ECF No. 80. The government did not file a timely

---

[1] On June 12, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent defendant on the instant motion. *See* ECF No. 81.

1

response to the motion, nor did it seek an extension of time to do so.  Instead, the government filed a response on March 7, 2016, ECF No. 83, almost seven months after the deadline set by the court's minute order. The government offers no explanation in its brief for the delay in responding.  Although the court takes note of the unexplained delay, it has considered the government's response.  After consideration of the moving papers, the relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

I. FACTUAL BACKGROUND

On June 27, 2012, defendant pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  *See* ECF No. 1, 65.  Defendant's plea was in accordance with a plea agreement reached between the parties and based on Federal Rule of Criminal Procedure 11(c)(1)(C).  *See* ECF No. 83-1 at 4[2]; *see also* Presentence Investigation Report (PSR) ¶ 2.[3]  On November 28, 2012, the court sentenced defendant to 90 months in prison, the sentence to which the parties had agreed in the plea agreement; the court however achieved the sentence by way of a downward departure rather than an upward variance as contemplated by the agreement.  *See* ECF Nos. 71, 83-1 at 6-7; *see also* Statement of Reasons at 2.[4]

II. MODIFICATION OF SENTENCE:  LEGAL STANDARDS

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582.  In relevant part, this section provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in

---

[2] The references to pages numbers in this order are to the ECF page numbers and not the page numbers within individual documents.

[3] A copy of the October 17, 2012 Presentence Investigation Report (PSR) prepared for defendant's sentencing is filed under seal concurrently with this order, as is the Statement of Reasons referenced below.

[4] In a separate criminal case, No. 2:10-cr-0302 KJM, defendant pleaded guilty to being a deported alien found in the United States in violation of 18 U.S.C. 1326(a) and was sentenced to a concurrent 90 month prison term.  *See* Case No. 2:10-cr-0302 KJM, ECF No. 58.  That conviction and sentence are not implicated by this motion.

>   section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S. Ct. at 2691 (quoting §1B1.10(b)(1))." *Dunn*, 728 F.3d at 1155 n.3. Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range. *Id.* However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[5]

In its response to defendant's motion, the government relies on *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012), and contends the court lacks jurisdiction to reduce defendant's sentence because defendant's sentence was determined by a specific sentence identified in the Rule 11(c)(1)(C) plea agreement alone, rather than by the sentencing guidelines. The United States Court of Appeals for the Ninth Circuit has overruled *Austin*. *See United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc).

/////

---

[5] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

>   (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

In *Davis*, the en banc court held that a defendant who enters into an 11(c)(1)(C) plea agreement can seek relief under 18 U.S.C. § 3582(c)(2) when "'the judge's decision to accept the plea and impose the recommended sentence'" is based on the sentencing guidelines. *Davis*, 825 F.3d at 1026 (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011)). Three factors govern this determination: first, whether the plea agreement requires the judge "'to determine Defendant's applicable Sentencing Guidelines Range at the time of the sentencing'"; second, whether the plea agreement specifies the quantity of drugs involved in the offense and the base offense level applicable to that quantity; and third, whether the plea agreement explains the basis for any Guidelines increase or reduction. *Davis*, 825 F.3d at 1027 (internal citation omitted in original).

The plea agreement in this case satisfies the first factor. *See* ECF No. 83-1 at 9 (explaining the court's obligation in sentencing defendant to consult and take into account the Federal Sentencing Guidelines, including determination of a "non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines" and to "consider whether there is a basis for departure from the guideline sentencing range. . ." as well as "after consultation and consideration of the Sentencing Guidelines, . . . [to] impose a sentence that is reasonable in light of the factors set for in 18 U.S.C. § 3553(a).") The agreement also at least partially satisfies the second factor, in that it specifies a total amount of drugs to be "used for purposes of sentencing, and determining [defendant's] relevant conduct and offense level." ECF No. 83-1 at 5. The agreement does not specify the base offense level applicable to that quantity of drugs. Finally, the plea agreement includes discussion of bases for departure from the guideline sentencing range. *See* ECF No. 83-1 at 5-6 (noting ineligibility for safety valve, and memorializing defendant's agreement to request an "upward variance").

The court concludes that the plea agreement in this case satisfies the three *Davis* factors sufficiently so that defendant may seek relief under 18 U.S.C. § 3582(c)(2). The court now turns to whether that relief should be granted.

/////

/////

III.     ANALYSIS

Defendant's commitment offense involved 172.3 grams of methamphetamine (actual) and 1,382.9 grams of a mixture of methamphetamine. PSR ¶ 23. For sentencing purposes, this quantity of methamphetamine converted to the equivalent of a total of 6,231.8 kilograms of marijuana. *Id*. At the time of defendant's sentencing, the sentencing guidelines in effect provided a base offense level of 34 for that quantity of drugs. *Id*.; U.S.S.G. §2D1.1(c)(3) (2011). Defendant received a two-level increase for possession of a firearm, a two level reduction for acceptance of responsibility, and a one level reduction in anticipation of a motion by the government for timely notification of an intent to plead guilty, making his total offense level 33. PSR ¶¶ 24, 38-40. His criminal history category was I, PSR ¶ 46, making his sentencing guideline range 135 to 168 months in prison. PSR ¶ 65. As discussed above, the parties agreed to a 90 month prison sentence. ECF No. 83-1. The probation officer found that "the sentence contemplated by the plea agreement appears appropriate." PSR ¶ 69. The probation officer recommended that defendant be sentenced to 90 months in federal prison "to give him credit for [a] discharged term of imprisonment" in related state criminal proceedings. PSR ¶ 83. The court sentenced defendant to 90 months in prison on the drug offense, departing downward based on the prior state court sentence and identifying the guidelines as the basis of departure, specifically, U.S.S.G. 5K2.23 (Discharged Term of Imprisonment). *See* Statement of Reasons at 2.

Amendment 782 lowered the base offense level for the quantity of drugs involved in defendant's offense to 32. U.S.S.G. §2D1.1(c)(4) (2014). With the two-level increase and the three level reduction defendant's total offense level would now be 31 which, combined with a criminal history category of I, would result in a sentencing guideline range of 108 to 135 months in prison. U.S.S.G. Sentencing Table (2014). As noted above, defendant was sentenced to 90 months in prison. The court's decision at the time of sentencing to depart downward from the bottom of the guideline range was due to a prior state court sentence, not a motion by the government. Thus, Amendment 782 does not authorize a reduction in defendant's sentence. *See* U.S.S.G. § 1B1.10.

/////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Jose Alejandro Farias-Valdovinos' motion to reduce sentence, ECF No. 79, is denied; and

2. The Clerk of the Court is directed to file under seal the October 17, 2012 Presentence Investigation Report for defendant and the document titled Statement of Reasons.

DATED:  November 18, 2016.

_____
UNITED STATES DISTRICT JUDGE